**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANK SACCA, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Judge Thomas M. Durkin |
| | ) | |
| v. | ) | Hon. Mag. Judge Sidney I. Schenkier |
| | ) | |
| WYOMING WHISKEY, INC., | ) | |
| BRADFORD MEAD, KATHERINE MEAD, | ) | |
| and DAVID DEFAZIO, | ) | Case No. 1:17-cv-8298 |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**PURSUANT TO RULE 12(b)(2), RULE 12(b)(3), THE DOCTRINE OF FORUM NON**
**CONVENIENS, AND RULE 12(b)(6), OR, IN THE ALTERNATIVE, TRANSFER TO**
**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING**
**PURSUANT TO 28 U.S.C. § 1404(a)**

**PREPARED AND SUBMITTED BY:**
RENO & ZAHM LLP
Jamie S. Cassel, Esq. (#06200979)
Jeffrey H. Powell, Esq. (#06297445)
2902 McFarland Road, Suite 400
Rockford, IL 61107
Ph. (815) 987-4050; Fax (815) 987-4092
jsc@renozahm.com; jhp@renozahm.com


ATTORNEYS FOR DEFENDANTS WYOMING WHISKEY, INC.,
BRADFORD MEAD, KATHERINE MEAD, AND DAVID DEFAZIO

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... iii

I. INTRODUCTION ....................................................................................................1

II. ARGUMENT ..........................................................................................................2

   A. The Individual Defendants are Not Subject to Personal Jurisdiction in Illinois .................2

      1. Conducting Business in Illinois or Directed Their Activities
      at Illinois ....................................................................................................2

      2. The Alleged Injuries Did Not Arise from the Individual Defendants'
      Forum-Related Activities ............................................................................3

      3. The Exercise of Jurisdiction Against the Individual Defendants Does Not Comport
      with Traditional Notions of Fair Play and Substantial Justice .......................6

      4. The Fiduciary Shield Doctrine Applies ......................................................7

   B. This Court is an Inconvenient Forum for this Litigation ...................................8

      1. Forum Selection Clause in the Written Employment Agreement .................8

      2. Dismissal or Transfer on the Basis of *Forum Non Conveniens* .................9

   C. Plaintiff's Complaint Should be Dismissed for Failure to State a Claim .........................11

      1. First Claim for Relief – Breach of Contract – Wyoming Whiskey ...........................11

      2. Second Claim for Relief – Breach of Covenant of Good Faith
      and Fair Dealing – Wyoming Whiskey .......................................................12

      3. Third Claim for Relief – Tortious Breach of Covenant of Good Faith
      and Fair Dealing – All Defendants ............................................................13

      4. Fourth Claim for Relief – Breach of Fiduciary Duty –
      Individual Defendants ..............................................................................13

      5. Fifth Claim for Relief – Fraud – Wyoming Whiskey and DeFazio .............................14

6.  Sixth Claim for Relief – Negligent Misrepresentation –
    Wyoming Whiskey and DeFazio ...............................................................15

7.  Seventh Claim for Relief – Concealment – All Defendants ........................15

8.  Eighth Claim for Relief – Tortious Interference –
    Individual Defendants ...............................................................................15

9.  Ninth Claim for Relief – Promissory Estoppel – Individual Defendants ...................16

10. Tenth Claim for Relief – Unjust Enrichment – All Defendants ...............................16

11. Eleventh Claim for Relief – Wyoming Wage Act – All Defendants .........................16

12. Twelfth Claim for Relief – Illinois Wage Payment and
    Collection Act – All Defendants ...............................................................17

13. Thirteenth Claim for Relief – Civil Conspiracy –
    Individual Defendants ...............................................................................18

# **TABLE OF AUTHORITIES**

## CASES

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. at 58 ................9

*Baker v. Ayres & Baker Pole & Post, Inc.,* 2007 WY 185, ¶ 12, 170 P.3d 1247, 1251
    (Wyo. 2007) ......................................................................................................16

*BH, INC. v. Trustees for the Univ. of Pennsylvania,* 08-CV-177-B, 2009 WL 10671355, at *7
    (D. Wyo. Feb. 27, 2009) ...................................................................................15

*Campbell v. Campbell,* 262 F. Supp. 3d 701 (N.D. Ill. 2017) .........................................5

*Centurion Serv. Group, LLC v. SBMC Healthcare*, LLC, 944 F. Supp. 2d 617, 621
    N.D. Ill. 2013) ...............................................................................................2, 3

*Chelios v. Nat'l Hockey League Players' Ass'n*, CIVA, 06 C 5333, 2007 WL 178326, at *10
    (N.D. Ill. Jan. 18, 2007) ....................................................................................6

*Chen v. Quark Biotech, Inc.*, 03 C 5729, 2003 WL 22995163 (N.D. Ill. Dec. 15, 2003) ............17

*Cont'l Ins. Co. v. Loewen Group, Inc.,* 96 CV 1427, 1998 WL 142380, at *7
    (N.D. Ill. Mar. 17, 1998) ....................................................................................3

*Duberville v. WMG, Inc,* 13 C 02061, 2015 WL 186834, at *5 (N.D. Ill. Jan. 13, 2015)............17

*Elworthy v. First Tennessee Bank,* 2017 WY 33, ¶ 37, 391 P.3d 1113, 1123 (Wyo. 2017) .........16

*Excel Energy Co., Inc. v. Pittman,* 239 Ill. App. 3d 160, 164, 606 N.E.2d 637, 640
    (4th Dist. 1992) ................................................................................................3

*Farmer v. DirectSat USA, LLC*, No. 08–3962, 2010 WL 380697 (N.D.Ill. Jan. 28, 2010) ...........5

*Felland v. Clifton* 682 F.3d 665 (7th Cir. 2012) .......................................................5

*Glass v. Kemper Corp.*, 930 F.Supp. 332, 340–42 (N.D.Ill.1996) .................................7

*Hamilton v. Segue Software Inc.*, 232 F.3d 473 (5th Cir. 2000)....................................15

*Hess v. Kanoski & Associates*, 309CV03334SLDJAG, 2014 WL 1282572, at *7
    (C.D. Ill. Mar. 28, 2014) ...................................................................................17

*Hyatt Corp. v. Club Regency Int'l, S.A.*, 85 C 7540, 1986 WL 8029, at *17
    (N.D. Ill. July 14, 1986)......................................................................................7

*Int'l Fin. Services Corp. v. Didde Corp.*, 00 C 6433, 2002 WL 398513, at *5
(N.D. Ill. Mar. 14, 2002) ..................................................................................7

*Jensen v. Fremont Motors Cody, Inc.*, 2002 WY 173, ¶ 34, 58 P.3d 322, 331 (Wyo. 2002) ........17

*Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997) ....................................9

*Kim v. Citigroup, Inc.*, 368 Ill. App. 3d 298, 306, 856 N.E.2d 639, 646 (1st Dist. 2006) ............17

*Kinetech, LLC v. Williams & Lake, LLC*, 1:14-CV-00574-DKL, 2014 WL 6895937, at *3
(S.D. Ind. Dec. 3, 2014) ..................................................................................3

*Kuhl v. Wells Fargo Bank, N.A.*, 2012 WY 85, ¶ 37, 281 P.3d 716, 728 (Wyo. 2012) ................13

*Lakeview Tech., Inc. v. Vision Sols., Inc.*, 05 C 7209, 2007 WL 79246, at *9
(N.D. Ill. Jan. 9, 2007) ....................................................................................6

*Leong v. SAP Am., Inc.*, 901 F. Supp. 2d 1058 (N.D. Ill. 2012) ....................................5

*Liaquat Khan v. Van Remmen, Inc.*, 325 Ill. App. 3d 49, 52, 756 N.E.2d 902, 906
(2d Dist. 2001) ..............................................................................................17

*Martinez v. Rocky Mountain Bank*, 10-CV-245, 2014 WL 12600295, at *6
(D. Wyo. May 29, 2014) ..................................................................................16

*Maxwell v. Vertical Networks, Inc.*, 03 C 5715, 2005 WL 950634, at *16
(N.D. Ill. Mar. 18, 2005) ..................................................................................7

*McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 224-25 (7th Cir. 1994) ................................5

*Merens v. Zenith Energy II Ltd.*, 84 C 10119, 1985 WL 1934, at *4 (N.D. Ill. June 21, 1985) ....10

*Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 733 (N.D. Ill. 2017) ......................3

*N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1053 (10th Cir. 1993) ..................13

*Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d at 757 ..................................8

*Reints v. Chemstar Corp.*, 88 C 10563, 1989 WL 36208, at *3 (N.D. Ill. Apr. 12, 1989) ..........6

*Ridgerunner, LLC v. Meisinger*, 2013 WY 31, ¶ 16, 297 P.3d 110, 116 (Wyo. 2013) ............13

*Sean Morrison Entm't, LLC v. Thompson*, 11 C 2462, 2011 WL 6934828, at *3
(N.D. Ill. Dec. 28, 2011) ..................................................................................3

iv

*Smith v. Zipcar, Inc.*, 125 F. Supp. 3d 340, 346 (D. Mass. 2015) ...................................15

*Snyder v. Lovercheck*, 992 P.2d 1079, 1089 (Wyo. 1999)...........................................15

*Squaw Mountain Cattle Co. v. Bowen*, 804 P.2d 1292, 1296 (Wyo. 1991)...................................12

*Three Way, Inc. v. Burton Enterprises, Inc.*, 2008 WY 18, ¶ 22, 177 P.3d 219, 226 (Wyo. 2008) ..................................................................................16

*Trabing v. Kinko's, Inc., 2002 WY 171, ¶ 27,* 57 P.3d 1248, 1256 (Wyo. 2002) .........................13

*Terry v. Pioneer Press, Inc.,* 947 P.2d 273, 277–78 (Wyo. 1997)...................................13

*Townsend v. Living Centers Rocky Mountain, Inc., 947 P.2d 1297 (Wyo. 1997)* .........................18

*Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 222 (Wyo. 1994) ...................13

## STATUTES AND RULES

28 U.S.C. § 1404.................................................................................11

W.S.A. § 17-16-622(b) ...........................................................................13

820 ILCS 115/25..................................................................................17

Defendants, WYOMING WHISKEY, INC., BRADFORD MEAD, KATHERINE MEAD, and DAVID DEFAZIO, by and through their attorneys of record, Reno & Zahm LLP, hereby submit their Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(3), the Doctrine of *Forum Non Conveniens*, and Fed. R. Civ. P. 12(b)(6), or, in the Alternative, to Transfer to the United States District Court for the District of Wyoming Pursuant to 28 U.S.C. § 1404(a), and in support thereof, state as follows:

## I.     INTRODUCTION.

At best, this is a poorly-pleaded breach of contract case between a National Sales Director and his Wyoming-based employer.  The sole issues in this case are—whether Plaintiff entitled to any stock in Wyoming Whiskey and, if so, how much does Wyoming Whiskey owe Plaintiff for that stock.  Plaintiff has inflated his allegations solely in an attempt to name Brad Mead, Kate Mead, and DeFazio individually as Defendants in this case.  Despite Plaintiff's attempts to turn this Wyoming breach of contract case into thirteen counts of something else, it is clear from the record in this case that Brad Mead, Kate Mead, and DeFazio did nothing to subject themselves to personal jurisdiction in Illinois and that this is entirely a Wyoming case, which should be dismissed or transferred to the United States District Court of Wyoming.  Plaintiff's attempt in his Response Brief to recast this breach of contract litigation as a shareholder dispute only reinforces the fact that this is a Wyoming case.

Central to this Court's analysis is that prior to taking the job with Wyoming Whiskey, Plaintiff was a highly-paid sales executive making in excess of $300,000 per year.  Complaint, ¶ 10.  He applied for a job with a Wyoming company to be placed in charge of its national sales efforts.  Not only was he a sophisticated executive, he negotiated his Written Employment Agreement with the assistance of counsel.  Sacca Dec., ¶ 44.  Any alleged omissions during his

hiring were due to a lack of diligence and not fraud. Once hired, he chose to maintain a home office in Illinois, though his support staff was located in Wyoming. Sacca Dec., ¶ 16.

Ultimately, Plaintiff is seeking to renegotiate the terms of his Written Employment Agreement through a number of unfounded tort claims. The terms of the Written Employment Agreement govern this case and that should be the focus of this litigation.

## II.    ARGUMENT.

### A.    The Individual Defendants are Not Subject to Personal Jurisdiction in Illinois.

Plaintiff conceded that the Individual Defendants do not have sufficient contacts with Illinois to be subject to personal jurisdiction in Illinois based on general jurisdiction principles. *See* Memo in Support, p. 3. Plaintiff only argues the existence of specific jurisdiction.

To establish specific jurisdiction, the Plaintiff must show "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state, (2) the alleged injury must have arisen from the defendant's forum-related activities, and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Centurion Serv. Group, LLC v. SBMC Healthcare*, LLC, 944 F. Supp. 2d 617, 621 (N.D. Ill. 2013). Plaintiff has failed to meet his burden of pleading elements. The fiduciary shield doctrine also prevents the Individual Defendants from being subjected to personal jurisdiction in Illinois.

### 1.    The Individual Defendants Did Not Purposefully Avail Themselves of the Privilege of Conducting Business in Illinois or Directed Their Activities at Illinois.

The Individual Defendants did not choose to direct their communications or conduct at Illinois. Plaintiff chose to contact Wyoming Whiskey in response to a job posting on the Internet. Sacca Dec., ¶ 3; DeFazio Dec., ¶ 5. Plaintiff also admits that it was *his choice* to maintain his main office in Illinois, while his work was to be performed nationwide. Sacca Dec., ¶ 6; Written

Employment Agreement, II.E.  In fact, the Written Employment Agreement prohibited Wyoming Whiskey from moving him from his home office without his permission.  *Id.* at II.E.  As such, the Individual Defendants did not purposefully avail themselves of the privileges of conducting business in Illinois.  *See, e.g., Cont'l Ins. Co. v. Loewen Group, Inc.,* 96 CV 1427, 1998 WL 142380, at *7 (N.D. Ill. Mar. 17, 1998); *Excel Energy Co., Inc. v. Pittman*, 239 Ill. App. 3d 160, 164, 606 N.E.2d 637, 640 (4th Dist. 1992).

### 2.  The Alleged Injuries Did Not Arise from the Individual Defendants' Forum-Related Activities.

While Plaintiff cites to numerous correspondence between the Defendants and Plaintiff regarding the operation of the business, the Court must focus on the specific allegation of tortious conduct by each Individual Defendant.  *See, e.g., Centurion Serv. Group, LLC v. SBMC Healthcare*, LLC, 944 F. Supp. 2d 617, 621 (N.D. Ill. 2013) ("The court's exercise of specific jurisdiction requires that the defendant's contacts with the forum state relate to the challenged conduct.").  Moreover, the Plaintiff cannot rely on vague, conclusory allegations about the actions and omissions by all the "Individual Defendants" to establish personal jurisdiction in Illinois; instead, the complained of activity must be on an individual basis.  *E.g., Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 733 (N.D. Ill. 2017) ("Where factual assertions amount only to vague generalizations or unsupported allegations, they are not enough to support personal jurisdiction."); *Sean Morrison Entm't, LLC v. Thompson*, 11 C 2462, 2011 WL 6934828, at *3 (N.D. Ill. Dec. 28, 2011) (disregarding conclusory allegations); *Kinetech, LLC v. Williams & Lake, LLC*, 1:14-CV-00574-DKL, 2014 WL 6895937, at *3 (S.D. Ind. Dec. 3, 2014).

### a.  David DeFazio.

DeFazio's alleged tortious conduct relates to the hiring of Plaintiff.  Specifically, DeFazio allegedly made a promise of stock as an incentive to induce Plaintiff to accept a lower base pay

3

(which was, in fact, incorporated into Plaintiff's Written Employment Agreement), did not disclose certain alleged production problems, and failed to disclose insider debt. Response, pp. 13-14; Complaint, ¶¶ 12-14.[1] As discussed more fully below, these alleged misrepresentations and omissions are insufficient to state a claim for fraud. Moreover, Plaintiff has failed to plead this conduct occurred in Illinois and it may well have occurred in Wyoming at Plaintiff's in-person interview. Sacca Dec., ¶ 6.

### b.  Brad Mead.

Likewise, Brad Mead's only alleged tortious conduct was making a promise of stock as an incentive to induce Plaintiff to accept a lower base pay (which, again, was incorporated into Plaintiff's Written Employment Agreement).[2] Complaint, ¶ 12. The Plaintiff has failed to plead that this representation was false and there is nothing pleaded to establish that this conduct occurred in Illinois as opposed to Wyoming.

### c.  Kate Mead.

Plaintiff has not alleged any tortious conduct by Kate Mead. Based on Plaintiff's allegations, Kate Mead was not involved with Plaintiff's hiring (except for an in-person interview in Wyoming), the negotiation of the Written Employment Agreement, or Plaintiff's termination. Plaintiff alleges Kate Mead failed to provide all the information Plaintiff requested for his valuation of the company and indicated the company "may refuse" to recognize Plaintiff's stock ownership. Complaint, ¶¶ 63-66. These activities do not rise to the level of a stand-alone tort

---

[1] Notably, Plaintiff has not alleged that the insider debt caused him harm, that the debt level was material to his decision, or that DeFazio should have known to provide information to an experienced business executive represented by a lawyer other than what they requested.

[2] Brad Mead also sent Plaintiff his termination letter. However, Plaintiff was an at-will employee subject to termination at any time with or without cause. *See* Written Employment Agreement, II.B, IV.A. As such, his termination was countenanced by the Written Employment Agreement and cannot be classified as a breach of contract or a tort.

committed by Kate Mead. This is another example of Plaintiff attempting to stretch his allegations in order to bring these individuals into the case.

### d. Cases Cited by Plaintiff on Specific Personal Jurisdiction are Easily Distinguished.

In light of Plaintiff's failure to plead specific or actionable tortious conduct against each of the Individual Defendants, the cases cited by Plaintiff are easily distinguishable. Unlike the defendant in *Campbell v. Campbell*, 262 F. Supp. 3d 701 (N.D. Ill. 2017), whose emails to Illinois constituted the defamatory statements about which Plaintiff complained, none of the emails attached to Plaintiff's Declaration from the Individual Defendants give rise to the alleged torts. Furthermore, Plaintiff has not alleged that any of the Individual Defendants were actively involved in discriminatory conduct giving rise to statutory claims, unlike the human resources director in *Leong v. SAP Am., Inc.*, 901 F. Supp. 2d 1058 (N.D. Ill. 2012). Similarly, Plaintiff makes no allegations as to any of the Individual Defendants related to wage and hour policies, unlike the plaintiff in *Farmer v. DirectSat USA, LLC*, No. 08–3962, 2010 WL 380697 (N.D.Ill. Jan. 28, 2010). *See* Complaint, ¶¶ 7, 125. Even the court in *Farmer* noted that "generalized assertions regarding the defendants collectively" were insufficient to establish personal jurisdiction over three of the individual defendants. *Id*. at *8. *Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012), is also distinguishable because the fraud alleged in that case was continuously directed at the forum state. In this case, Plaintiff's allegations of fraud as to the Individual Defendants, to the extent they may exist, are not actionable and were certainly not continuous. *See* Complaint, ¶¶ 13-14.

*McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 224-25 (7th Cir. 1994), is more on point. In *McIlwee*, the plaintiff attempted to obtain personal jurisdiction in Illinois based on alleged fraudulent omissions during telephone conversations with the plaintiff who was in Illinois at the time of the conversation. In affirming the dismissal based on lack of personal jurisdiction, the

Seventh Circuit held the duty to disclose was not sufficiently established. The same holds true for Plaintiff's allegations against the Individual Defendants. They are insufficiently pleaded to satisfy the "tortious act" prong of the Illinois long arm statute. *See also Lakeview Tech., Inc. v. Vision Sols., Inc.*, 05 C 7209, 2007 WL 79246, at *9 (N.D. Ill. Jan. 9, 2007) (holding vague assertions of a conspiracy insufficient to establish personal jurisdiction).

**3.      The Exercise of Jurisdiction Against the Individual Defendants Does Not Comport with Traditional Notions of Fair Play and Substantial Justice.**

It would offend the notions of fair play and substantial justice to subject any one of DeFazio, Brad Mead, or Kate Mead to jurisdiction in Illinois based on vague and unsubstantiated allegations of tortious conduct. At best, this is a Wyoming breach of contract case and, while the Individual Defendants may be witnesses, they should not be named Defendants. Litigating this case in Illinois would be a substantial burden to the Defendants, who have no significant contacts with Illinois. While, litigating this matter in Wyoming, where Plaintiff agreed to litigate these matters, would not be an unexpected burden on him. *Reints v. Chemstar Corp.*, 88 C 10563, 1989 WL 36208, at *3 (N.D. Ill. Apr. 12, 1989). The Individual Defendants should not have to personally answer for a breach of contract claim between a National Sales Director and his employer. To allow any of the Individual Defendants to be subject to personal jurisdiction under the allegations of this case would mean that all officers would be subject to personal jurisdiction in any state where their employer does business, which would not be Constitutionally permissible. *See, e.g., Chelios v. Nat'l Hockey League Players' Ass'n*, CIVA 06 C 5333, 2007 WL 178326, at *10 (N.D. Ill. Jan. 18, 2007).

#### 4.       The Fiduciary Shield Doctrine Applies.

It is true that Brad Mead, Kate Mead and DeFazio were each minority shareholders[3] and each officers of the company.[4]  These facts do not bar the application of the fiduciary shield doctrine.  *Int'l Fin. Services Corp. v. Didde Corp.*, 00 C 6433, 2002 WL 398513, at *5 (N.D. Ill. Mar. 14, 2002) ("[J[ust because an individual is a member of management or holds controlling positions in a corporation does not nullify the protection of the fiduciary shield."); *Glass v. Kemper Corp.*, 930 F.Supp. 332, 340–42 (N.D.Ill.1996) (applying fiduciary shield doctrine though director was a stockholder).

Additionally, reviewing the discretionary nature of the acts revolves around the discretion to determine if the relevant contacts occurred in Illinois.  *See, e.g., Maxwell v. Vertical Networks, Inc.,* 03 C 5715, 2005 WL 950634, at *16 (N.D. Ill. Mar. 18, 2005).  As noted above, Plaintiff admits that it was _his choice_ to maintain his home office in Illinois and, therefore, the Individual Defendants did not exercise their own discretion in directing communications to Illinois.

Also, as noted in *Hyatt Corp. v. Club Regency Int'l, S.A.*, 85 C 7540, 1986 WL 8029, at *17 (N.D. Ill. July 14, 1986), the Plaintiff must explain why it would be unfair to apply the doctrine.  Specifically, he "has not argued that [he] can obtain a full recovery only if the individual defendants are brought into the case.  Nor has [he] demonstrated conduct on the part of these defendants so heinous that they should not be allowed to escape our jurisdiction." *Id*.  On the contrary, this is a breach of contract case between Wyoming Whiskey and Plaintiff, and the Plaintiff may obtain full recovery from the corporation (if he is entitled to anything).

---

[3] Brad Mead and Kate Mead each owned 32.5% of the stock and DeFazio only owned 15% of the stock. Complaint, ¶¶ 3-5.
[4] DeFazio was the Chief Operating Officer. DeFazio Dec., ¶ 1.  Brad Mead was the Chief Executive Officer. Brad Mead Dec., ¶ 1.  Kate Mead was the Vice President for Governmental Affairs.  Kate Mead Dec., ¶ 1.

**B.      This Court is an Inconvenient Forum for this Litigation.**

   **1.      Forum Selection Clause in the Written Employment Agreement.**

   The Written Employment Agreement between Wyoming Whiskey and Plaintiff includes a forum selection clause that designates the Ninth Judicial District Court of the State Court of Wyoming as the proper forum.  Contrary to Plaintiff's assertion otherwise, the clause is mandatory and should be enforced because the language used by the parties indicates an intent to make venue exclusive in Wyoming.  The forum selection clause states:

> This Contract, and all questions concerning the capacity of the parties, execution, validity (or invalidity), and performance of this Contract, shall be interpreted, construed and enforced in all respects in accordance with the laws of the State of Wyoming. Jurisdiction for all issues arising under this Agreement shall be proper in the State Court of Wyoming, Ninth Judicial District Court.

   While the term "venue" is not explicitly used, the additional language in the Written Employment Agreement "indicates the parties' intent to make venue exclusive."  See *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d at 757.  Specifically, the Agreement includes the phrases "all issues" and "shall be proper" with respect to a specific venue—the Ninth Judicial District Court of the State Court of Wyoming.

   The Seventh Circuit has held that "[t]he phrase 'shall be filed,' coupled with the phrase 'all disputes,' clearly manifests an intent to make venue compulsory and exclusive."  *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d at 756.  Further, the cases cited by Plaintiff are distinguishable, as the forum selection clause here states a specific venue, the *Ninth Judicial District Court* of the Wyoming State Court, not a general geographic area as stated in Defendants' cited cases, *i.e.*, Hong Kong, Winnebago County, or Germany.  *See* Plaintiff's Response Brief, Dkt. 30, p. 3.  Also, the forum selection clause makes the law of the State of Wyoming the law applicable to all questions.  The additional language in the forum selection clause clearly indicates

the parties' intent to make venue in the Ninth Judicial District Court of the State Court of Wyoming mandatory. As all of Plaintiff's claims arise out of his Written Employment Agreement, Plaintiff was obligated to file this case in the State Court of Wyoming, Ninth Judicial District Court, and this case should be dismissed.

### 2. Dismissal or Transfer on the Basis of *Forum Non Conveniens*.

Defendants' Motion to Dismiss explicitly requests that in the alternative to dismissal, the case be "transferred to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404." *See* Motion to Dismiss, Dkt. 11. Further, in support of the argument for dismissal or transfer, Defendants' Memorandum in Support (Dkt. 12) includes a lengthy discussion of the law and factors applicable in this case. Of note, "1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. at 580. Further, "§ 1404(a) did not change the relevant factors which federal courts used to consider under the doctrine of *forum non conveniens*." *Id.* Thus, Defendants' arguments for both dismissal and transfer are determined by the same set of factors. Those factors include both private and public interest considerations. *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997).

Defendants have set forth the arguments for each factor in their Memorandum in Support (Dkt. 12). Plaintiff's argument that Illinois has an interest in determining tort claims disregards the fact that all of his tort claims arise out of the alleged breaches of the Written Employment Agreement. Plaintiff agreed to work for a Wyoming corporation, to be bound by Wyoming law, and to litigate all questions concerning the performance of the Written Employment Agreement in Wyoming. *See* Written Employment Agreement, at VII.A. It is within the interests of justice for

a Wyoming court to determine questions concerning a Wyoming contract, under Wyoming law, that directly effects a Wyoming corporation. As such, this fight over the value of any equity interest the Plaintiff may have in a Wyoming company should be heard by a court sitting in Wyoming and not by a jury in Illinois. *See Merens v. Zenith Energy II Ltd.*, 84 C 10119, 1985 WL 1934, at *4 (N.D. Ill. June 21, 1985).

Plaintiff also argues that a dismissal or transfer is not more convenient to the witnesses because, according to Plaintiff, 10 unnamed witnesses are outside of Wyoming. *See* Response Brief, Dkt. 30, p. 5. Plaintiff also argues that he has 5 witnesses in Illinois and cites to his Declaration. Plaintiff's Declaration lists Chris Mastores as located in Colorado, Sam DiNardo as located in North Carolina, Brett Bauer as located in Illinois, John Boccino as located in New Jersey, and his attorney located in Illinois. Only two of these witnesses are listed in Plaintiff's Declaration as being located in Illinois, including his attorney, who is not likely to testify unless Plaintiff is now waiving his attorney-client privilege, which he has not confirmed. The rest are spread throughout the country. Plaintiff fails to indicate the importance of any of these witnesses. Further, Plaintiff states that he retained valuation experts in Kentucky and Washington, D.C. Neither of these witnesses are located in Illinois and are, therefore, irrelevant to the determination of convenience of the parties for either Wyoming or Illinois.

Defendants pointed out the incredible difference between the caseload in this Court (more than 9,000 cases) compared to 220 cases in Wyoming Federal Court and 1,500 in the Ninth Judicial District Court for the State Court of Wyoming. *See* Memorandum in Support (Dkt. 12, p. 9-10). Further, the U.S. Court's statistics website reveals that the median number of months from filing to trial for civil cases in this Court is 36.8 months. The time from filing until trial in the federal court located in Wyoming is 18.1 months.

http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2017.pdf.

Thus, convenience of the parties would be better served in Wyoming where trial can be reached over 18 months earlier than in this Court.

For the above stated reasons, this Court should dismiss this case, or alternatively, transfer this case pursuant to 28 U.S.C. § 1404(a) as Wyoming is the proper and convenient forum for resolution of Plaintiff's dispute.

### C. Plaintiff's Complaint Should be Dismissed for Failure to State a Claim.

#### 1. First Claim for Relief – Breach of Contract – Wyoming Whiskey

Plaintiff's claims for breach of contract are lacking. Plaintiff has no factual basis for his claim that he is entitled to 6% of Wyoming Whiskey's stock. While Plaintiff alleges in a conclusory fashion that there has been a "Liquidity Event" that entitles him to 6% of Wyoming Whiskey's stock, he has not alleged, as required under Section III(c)(2)(e) of the Written Employment Agreement, that he was employed at the time the Liquidity Event allegedly occurred. On the contrary, Plaintiff alleges that an offer to purchase was received *after* Plaintiff's termination. *See* Complaint, at ¶¶ 54, 56. Therefore, by Plaintiff's own allegations, Section III(c)(2)(e) was not triggered and Plaintiff has no factual basis for claiming a 6% interest in the company. As such, his claim for a 6% interest in the company should be dismissed with prejudice.[5]

Next, Plaintiff claims that he was "prevented from vesting his 2% equity in 2016" because Wyoming Whiskey somehow caused Plaintiff to not meet his performance goals in 2016 by (1) due to production difficulties; and (2) changing the compensation structure of Wyoming Whiskey's sales team. Response, p. 6; Complaint, ¶¶ 32-39. Plaintiff has not and cannot point to

---

[5] Plaintiff also has not alleged and cannot allege that a sale of substantially all of the company's assets, a sale of over 50% of the company's stock, or a merger of the company occurred on or prior to December 31, 2017. *See* Written Employment Agreement, Art. I (defining "Liquidity Event"); Art. III.C.2(e) (stating the Liquidity Event must occur before December 31, 2017 for Plaintiff to vest 6% of the stock).

a single provision in the Written Employment Agreement that Wyoming Whiskey allegedly breached through the alleged production difficulties or changes to Wyoming Whiskey's compensation of its own employees. There is no allegation that Plaintiff was unable to produce the whiskey Plaintiff was hired to sell. The Written Employment Agreement does not require Wyoming Whiskey to make certain types of whiskey—like Private Stock, Outryder, or Double Cask. Complaint, ¶¶ 33-35. In fact, the Written Employment Agreement does not mention Private Stock, Outryder, or Double Cask because they did not exist when the Written Employment Agreement was signed. Additionally, Plaintiff was entitled to a sales budget of $300,000 under the Written Employment Agreement. Plaintiff has not and cannot allege that Wyoming Whiskey failed to fully fund Plaintiff's budget in 2016.[6] Plaintiff merely alleges Wyoming Whiskey implemented cost-saving measures. Complaint, ¶¶ 36-37.

Absent a breach of a term in the Written Employment Agreement, Plaintiff is left alleging his 2016 bonus was lost due to a breach of the covenant of good faith and fair dealing, which is addressed below. Additionally, Plaintiff has not alleged any performance issues by Wyoming Whiskey were intentional, as would be required to state a claim for a breach of the covenant of good faith and fair dealing. Indeed, it is doubtful Wyoming Whiskey would act against its own economic interests merely to prevent Plaintiff from receiving a bonus.

## 2. Second Claim for Relief – Breach of Covenant of Good Faith and Fair Dealing – Wyoming Whiskey

To state a claim for breach of the covenant of good faith and fair dealing under Wyoming law in an employment context, Plaintiff must allege that a "special relationship" exists. The result does not change simply because Plaintiff claims the employer terminated him to avoid paying him

---

[6] In fact, Plaintiff's sales budget was dramatically increased in 2016 to approximately $1,000,000. However, despite the tripling of his budget, he was still unable to reach his sales goals set forth in the Written Employment Agreement, which were based on a $300,000 sales budget.

a bonus. *See Kuhl v. Wells Fargo Bank, N.A.,* 2012 WY 85, ¶ 37, 281 P.3d 716, 728 (Wyo. 2012) (holding absent a special relationship, an employee could not sustain a claim for breach of the implied covenant of good faith when he claimed he was terminated to avoid a bonus payment). Plaintiff has not established such a relationship through his pleadings. *Trabing v. Kinko's, Inc., 2002 WY 171, ¶ 27,* 57 P.3d 1248, 1256 (Wyo. 2002) (eight years of employment insufficient to establish special relationship); *Terry v. Pioneer Press, Inc.,* 947 P.2d 273, 277–78 (Wyo.1997) (six years of employment insufficient to establish special relationship); *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 222 (Wyo. 1994) (three years of employment insufficient to establish special relationship).

### 3. Third Claim for Relief – Tortious Breach of Covenant of Good Faith and Fair Dealing – All Defendants

Plaintiff's Third Claim for Relief rests on Plaintiff's Second Claim for Relief. As such, it fails for the same reasons. Moreover, Plaintiff has not alleged any facts or provided any authority that would cause the Individual Defendants, as shareholders, to be liable for the company's alleged breaches of contract. *See* W.S.A. § 17-16-622(b); *Ridgerunner, LLC v. Meisinger*, 2013 WY 31, ¶ 16, 297 P.3d 110, 116 (Wyo. 2013) (dismissing breach of the covenant of good faith claim against shareholder absent allegations of piercing); *N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1053 (10th Cir. 1993).

### 4. Fourth Claim for Relief – Breach of Fiduciary Duty – Individual Defendants

The Complaint does not describe the fiduciary relationship or duties of each Individual Defendant to the Plaintiff or how each allegedly breached his or her duty to the Plaintiff. In his Response, Plaintiff asserts that the Individual Defendants owe fiduciary duties to him as officers and shareholders of Wyoming Whiskey. Plaintiff's Response fails to describe what these duties are or how the alleged breaches relate to Plaintiff's status as a shareholder.

13

Officers have fiduciary duties to their company (not to Plaintiff as a shareholder). *Squaw Mountain Cattle Co. v. Bowen*, 804 P.2d 1292, 1296 (Wyo. 1991). Each of the Individual Defendants is a minority shareholder with no duties to Plaintiff as another minority shareholder.

Regarding the alleged breaches of fiduciary duty by interfering with Plaintiff's 2016 bonus, refusing to pay for Plaintiff's shares, failing to honor shares, and withholding documentation for valuation of Plaintiff's shares, each of these claims relies exclusively on the Written Employment Agreement. Response, p. 12. As such, they are breach of contract claims against the company, not breach of fiduciary duty claims against the Individual Defendants.

The only other alleged breach of fiduciary duty is Plaintiff's claim that the Individual Defendants concealed facts about a potential sale of stock or assets. However, once Plaintiff was terminated, the only remaining duty to Plaintiff was the duty to purchase his shares. *See* Written Employment Agreement, Art. IV.E.

**5.   Fifth Claim for Relief – Fraud – Wyoming Whiskey and DeFazio**

The Complaint does not describe the who, what, when, and where of the fraudulent statements made to Plaintiff as required by Rule 9(b). Dismissal is appropriate on this basis alone. In his Response, Plaintiff alleges DeFazio and Brad Mead promised stock in order to induce him to leave another job, failed to disclose management and production problems, and failed to disclose debt. Response, p. 13. Assuming these statements and omissions did occur, they are not actionable. The alleged promise of stock was negotiated and incorporated into the Written Employment Agreement Plaintiff, which Plaintiff negotiated with the assistance of counsel. It is unclear how this could ever be considered a misrepresentation.

For the alleged omissions to be actionable, there must have been a duty to disclose. Plaintiff has not pointed to a single case that indicates a prospective employer has a duty to disclose

14

alleged issues with management and production or the amount of debt it has incurred, especially absent an allegation that he requested such information. *See e.g., Hamilton v. Segue Software Inc.*, 232 F.3d 473 (5th Cir. 2000) (no duty to disclose to prospective employee); *Smith v. Zipcar, Inc.*, 125 F. Supp. 3d 340, 346 (D. Mass. 2015) (no duty to disclose potential merger to prospective employee that might impact value of stock option).

**6.      Sixth Claim for Relief – Negligent Misrepresentation – Wyoming Whiskey and DeFazio**

Plaintiff concedes that an element of a claim for negligent misrepresentation is that the defendant be in the business of supplying information for the guidance of others in their business. Plaintiff has not and cannot allege that Wyoming Whiskey or DeFazio are in such a business as it relates to Plaintiff.    It also appears that Plaintiff is attempting to circumvent the Written Employment Agreement that includes an integration clause. *Snyder v. Lovercheck*, 992 P.2d 1079, 1089 (Wyo. 1999); Written Employment Agreement, VII.K.

**7.      Seventh Claim for Relief – Concealment – All Defendants**

Based on Plaintiff's Response, Plaintiff has conceded that his Seventh Claim for Relief is duplicative of his Fifth Claim for Relief.  As such, the arguments set forth in II.D.5 above apply.

**8.      Eighth Claim for Relief – Tortious Interference – Individual Defendants**

In his Response, Plaintiff cites one case for the general proposition that agents of a corporation can be liable for participating in tortious activities of the company.  This entirely avoids the Individual Defendants' argument.  A company cannot tortiously interfere with its own contracts. *BH, INC. v. Trustees for the Univ. of Pennsylvania*, 08-CV-177-B, 2009 WL 10671355, at *7 (D. Wyo. Feb. 27, 2009).  As such, Wyoming Whiskey did not tortiously interfere with the Written Employment Agreement and the Individual Defendants cannot be held liable for participating in conduct by the company that was not tortious itself.

### 9. Ninth Claim for Relief – Promissory Estoppel – Individual Defendants

As set forth in Defendants' Memorandum in Support, Plaintiff cannot assert a claim for promissory estoppel in light of the fully-integrated Written Employment Agreement. *See Elworthy v. First Tennessee Bank*, 2017 WY 33, ¶ 37, 391 P.3d 1113, 1123 (Wyo. 2017); *Baker v. Ayres & Baker Pole & Post, Inc.*, 2007 WY 185, ¶ 12, 170 P.3d 1247, 1251 (Wyo. 2007). Plaintiff cites no authority that compels a different result. Moreover, Plaintiff has not alleged anywhere in the Complaint that the Written Employment Agreement is not valid and enforceable.

### 10. Tenth Claim for Relief – Unjust Enrichment – All Defendants

As with the Ninth Claim for Relief, Plaintiff cannot assert a claim for unjust enrichment in light of the fully-integrated Written Employment Agreement. *Three Way, Inc. v. Burton Enterprises, Inc.*, 2008 WY 18, ¶ 22, 177 P.3d 219, 226 (Wyo. 2008). Plaintiff cites no authority that compels a different result. Moreover, Plaintiff has not alleged anywhere in the Complaint that the Written Employment Agreement is not valid and enforceable.

### 11. Eleventh Claim for Relief – Wyoming Wage Act – All Defendants

Contrary to Plaintiff's bald assertion, the stock buyout under the Written Employment Agreement is not a fringe benefit under the Wyoming Wage Act. *Martinez v. Rocky Mountain Bank*, 10-CV-245, 2014 WL 12600295, at *6 (D. Wyo. May 29, 2014) (describing fringe benefits under the Act as "deferred compensation, medical insurance, or amounts accrued but unpaid for leave benefits earned during employment" and "payments made to various trust funds in addition to the normal . . . pay that the employee receives in hand on payday . . ."). Moreover, the stock buyout is not subject to the Act as it does "not accrue if at all, until an employee quits or is discharged." *Id.*; Written Employment Agreement, IV.E (amount of stock Plaintiff is selling is dependent on the basis of his termination).

16

Moreover, it is undeniable that the stock buyout was unliquidated at the time of his termination and, therefore, not subject to the Act. *Jensen v. Fremont Motors Cody, Inc.*, 2002 WY 173, ¶ 34, 58 P.3d 322, 331 (Wyo. 2002). Notably, if the claim is not liquidated, then the employer cannot satisfy the payment timelines specified in the Act. Specifically, Section 104(a) of the Act, states that terminated employees shall receive their final wages no later than the next payroll. By the terms of the Written Employment Agreement, the stock buyout could not have occurred within that time frame. *See* W.S.A. § 27-4-104(a); Written Employment Agreement, Art. VII (setting out the timeline and process for the valuation and closing).

12.     **Twelfth Claim for Relief – Illinois Wage Payment and Collection Act – All Defendants**

Unlike the employees in *Kim v. Citigroup, Inc.*, 368 Ill. App. 3d 298, 306, 856 N.E.2d 639, 646 (1st Dist. 2006), who elected in writing to receive stock in lieu of certain cash compensation, Plaintiff's stock buyout is not part of his cash compensation. It was a payment contingent upon future events, including how he was terminated and the price of the stock as determined through the valuation process in Article VII of the Written Employment Agreement, after Plaintiff's termination. *Hess v. Kanoski & Associates*, 309CV03334SLDJAG, 2014 WL 1282572, at *7 (C.D. Ill. Mar. 28, 2014). As with the Wyoming Wage Act, if the claim is not liquidated, then the employer cannot satisfy the payment timelines specified in the IWPCA. 820 ILCS 115/25.

Additionally, none of the Defendants can be said to be Illinois employers subject to the Act as they do not engage in sufficient activities in Illinois. *See Duberville v. WMG, Inc.*, 13 C 02061, 2015 WL 186834, at *5 (N.D. Ill. Jan. 13, 2015); *Liaquat Khan v. Van Remmen, Inc.*, 325 Ill. App. 3d 49, 52, 756 N.E.2d 902, 906 (2d Dist. 2001); *Chen v. Quark Biotech, Inc.*, 03 C 5729, 2003 WL 22995163 (N.D. Ill. Dec. 15, 2003).

17

**13.     Thirteenth Claim for Relief – Civil Conspiracy – Individual Defendants**

As the Defendants noted in their Memorandum in Support, Plaintiff has failed to plead any unlawful act.  In his Response, Plaintiff does not point to one.  Plaintiff also claims that *Townsend v. Living Centers Rocky Mountain, Inc., 947 P.2d 1297 (Wyo. 1997)*, cited by Plaintiff, does not apply because Plaintiff was not an at-will employee.  Clearly, Plaintiff was an at-will employee pursuant to the terms of the Written Employment Agreement.  *See* Agreement, II.B, IV.A.  Plaintiff has cited no authority that points to a different result.

WHEREFORE, Defendants, WYOMING WHISKEY, INC., BRADFORD MEAD, KATHERINE MEAD, and DAVID DEFAZIO, pray that this Court enter an Order dismissing the Complaint with prejudice, or, in the alternative, transferred to the United States District Court of Wyoming, or, in the alternative, awarding Defendants their attorney's fees and costs, and for such other relief as the Court deems just and proper.

Dated this 25th day of January, 2018.

RENO & ZAHM LLP

By: _/s/ Jeffrey H. Powell, Esq._
　　　Jeffrey H. Powell, Esq., Attorney for Defendants Wyoming Whiskey, Inc., Bradford Mead, Katherine Mead, and David DeFazio

RENO & ZAHM LLP
By:  Jamie S. Cassel, Esq. (#06200979)
　　　Jeffrey H. Powell, Esq. (#06297445)
2902 McFarland Road, Suite 400
Rockford, IL 61107
Ph.  (815) 987-4050; Fax (815) 987-4092
jsc@renozahm.com; jhp@renozahm.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the **Reply in Support of Motion to Dismiss** was electronically served upon the registered CM/ECF users and via electronic mail service upon any non-registered CM/ECF users in the above-entitled case on this 25th day of January, 2018.

William V. Angelo, Esq.
Denkewalter & Angelo
1835 Rohlwing Road, Suite D
Rolling Meadows, IL 60008
wva@d-a-law.com

James N. Phillips, Esq.
Phillips Legal, P.C.
2701 Lawrence Street, Suite 106
Denver, CO 80205
jphillips@phillipslegalpc.com

RENO & ZAHM LLP

By:  /s/Jeffrey H. Powell
Jeffrey H. Powell, Attorney for Defendants
Wyoming Whiskey, Inc., Bradford Mead,
Katherine Mead, and David DeFazio

RENO & ZAHM LLP
By: Jamie S. Cassel, Esq. (#06200979)
     Jeffrey H. Powell, Esq. (#06297445)
2902 McFarland Road, Suite 400
Rockford, IL 61107
Ph. (815) 987-4050; Fax (815) 987-4092
jsc@renozahm.com; jhp@renozahm.com